IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDY HURLEY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-2154-O-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Freddy Hurley, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

I.

In 1987, petitioner was convicted of aggravated robbery and sentenced to 45 years confinement. His conviction and sentence were affirmed on direct appeal. *Hurley v. State*, No. 05-87-00556-CR (Tex. App. -- Dallas, Jan. 18, 1988, pet. ref'd). Since his incarceration, petitioner has filed 15 federal writs of habeas corpus challenging his conviction and sentence, as well as various prison disciplinary proceedings, his eligibility for parole, the loss of good-time credits, and the calculation of his discharge date. *See Hurley v. Collins*, No. 3-92-CV-2084-P (N.D. Tex. Sept. 27, 1993), *CPC denied*, No. 93-1947 (5th Cir. May 3, 1994) (challenging underlying conviction and sentence); *Hurley v. Johnson*, No. 3-99-CV-1351-P (N.D. Tex. Jun. 6, 2000), *appeal dism'd*, No. 00-10683 (5th Cir. Jul. 24, 2000) (challenging forfeiture of good time credits); *Hurley v.*

*Director, TDCJ-ID*, No. 6-00-CV-197-JH (E.D. Tex. Jun. 26, 2000) (same); *Hurley v. Director, TDCJ-ID*, No. 6-02-CV-0401-WMS (E.D. Tex. Feb. 11, 2003) (challenging prison disciplinary proceeding); *Hurley v. Dretke*, No. 6-04-CV-314-LED-JKG (E.D. Tex. May 11, 2005) (same); *Hurley v. Quarterman*, No. 3-05-CV-2338-G, 2006 WL 2336931 (N.D. Tex. Aug. 11, 2006) (same); *Hurley v. Quarterman*, Nos. 3-06-CV-0916-R & 3-06-CV-1557-R, 2007 WL 1435272 (N.D. Tex. May 16, 2007) (same); *Hurley v. Quarterman*, No. 3-08-CV-0007 (S.D. Tex. Feb. 19, 2008) (same); *Hurley v. Quarterman*, No. 4-08-CV-0264 (S.D. Tex. Jan. 29, 2008) (challenging denial of parole hearing); *Hurley v. Quarterman*, No. 3-08-CV-0967-P, 2008 WL 4602551 (N.D. Tex. Oct. 14, 2008), *appeal dism'd*, No. 08-11062 (5th Cir. Dec. 15, 2008) (challenging destruction of DNA evidence); *Hurley v. Quarterman*, No. 3-08-CV-968-L, 2008 WL 4966638 (N.D. Tex. Nov. 18, 2008) (claiming actual innocence and challenging destruction of DNA evidence); *Hurley v. Quarterman*, No. 3-08-CV-966-G, 2009 WL 255988 (N.D. Tex. Feb. 2, 2009) (challenging loss of good time credits, three prison disciplinary actions, and cancellation of parole review). Most recently, two federal writs seeking the restoration of previously forfeited good time credits were dismissed without prejudice for failure to exhaust state remedies. *See Hurley v. Thaler*, No. 4-09-CV-2436 (S.D. Tex. May 13, 2010); *Hurley v. Thaler*, No. 3-10-CV-169 (S.D. Tex. Feb. 23, 2011).

Undeterred, petitioner now returns to federal court for the *16th time*. As best the court understands the claims in his current writ, petitioner appears to argue that: (1) the TDCJ has failed to calculate his good time credits under the law in effect at the time the underlying offense was committed; and (2) he is entitled to the restoration of previously forfeited good time credits under a 2009 amendment to the Texas Government Code. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under section 2254 must be dismissed unless:

> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244(b)(3).

It is clear that petitioner either could have or did raise his claims related to the calculation of good time credits in a prior federal writ. *See e.g., Hurley*, 2009 WL 255988 at *3 (finding as successive claims related to forfeiture of good time credits, parole review set-offs, and calculation of good time credits); *Hurley*, 2007 WL 1435272 at *1 (denying similar claims on the merits). Although petitioner's claim involving the restoration of previously forfeited good time credits did not arise until the Texas Government Code was amended in 2009, and therefore could not have been

raised in a prior federal writ, the instant writ is still successive. As another judge of this court explained in dismissing as successive one of petitioner's earlier cases:

> [T]his action is not rendered non-successive merely because petitioner may be raising a claim or part of a claim that could not have been raised in a prior federal petition. The statute specifically restricts the filing of a second or successive *application.* The Fifth Circuit has specifically determined that an application is second or successive when it raises a claim that was or could have been raised in an earlier petition. A "mixed-application" that contains both claims that could have been raised previously and claims that could not have been so raised is nevertheless successive. Thus, although the instant petition may include a claim or part of a claim that could not have been asserted in a prior federal habeas action due to a lack of knowledge, such inclusion does not affect whether the instant application is successive.

*Hurley*, 2009 WL 255988 at *4 (citations and internal quotations omitted) (emphasis in original).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.[1]

## **RECOMMENDATION**

Petitioner should not be permitted to file a second or successive application for writ of habeas corpus without the approval of a three-judge panel of the court of appeals. Rather than dismiss this case, the application should be transferred to the Fifth Circuit for appropriate action. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

---

[1] To the extent petitioner challenges defects in the most recent state habeas proceeding, his claims are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases).

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE